# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID JONES, | : | |
| Plaintiff, | : | Case No. 3:04cv00005 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| MONTGOMERY COUNTY<br>DISTRICT ATTORNEY, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. INTRODUCTION

Plaintiff David Jones, a resident of Dayton, Ohio, brings this case *pro se* under 42 U.S.C. §§1983 and 1985 claiming that numerous Defendants violated his rights, and conspired to violate his rights, under the United States Constitution.

Plaintiff's original Complaint identified several Defendants but did not include any police officers. (Doc. #2). Plaintiff thereafter filed a Motion to Amend Complaint, which the Court granted. (Doc. #12). Plaintiff's Amended Complaint added numerous Defendants including, but not limited to, City of Dayton Police Officers Daniel A. Reynolds, Alan Kraker, Phillip M. Hubbard, Donald C. Piper, Kurt D. Smolek, Donnie L. Smith, and David Hirst. *See* Doc. #s 12, 37 at 2.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

The Court previously summarized Plaintiff's allegations against the Defendant Police Officers as follows:

> Jones claims that the police officers violated his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures when, on January 11, 2002, they entered and searched his residence and seized $400 in cash along with gun clips, which they never returned. (Doc. #14 at 8-9). The police officers informed Jones that they had an arrest warrant for him concerning a charge of felonious assault. The officers, however, did not have a search warrant for Jones' residence. *Id*. Jones was never charged with felonious assault but was instead charged with obstruction of justice felony V. One or two days after Jones' arrest, an assistant Montgomery County prosecutor declined to pursue the charge of obstruction of justice felony V, and consequently, Jones never appeared before a Judge on this charge or on the charge of felonious assault. *Id*.

(Doc. #37 at 2-3).

This case is before the Court upon Defendant Police Officers' Motion to Dismiss (Doc. #47), Plaintiff's Memorandum in Opposition (Doc. #54), Defendants' Reply (Doc. #55), and the record as a whole.

## II.   ANALYSIS

The detailed review of Plaintiff's Complaint and Amended Complaint set forth in the Report and Recommendations filed on February 1, 2005 (Doc. #35) is hereby incorporated herein by reference. In doing so, the Court accepts Plaintiff's *pro se* allegations as true and liberally construes them in his favor. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).

A two-year statute of limitations applies to claims brought in Ohio under 42 U.S.C. §1983. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003); *see Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

Defendant Police Officers contend that Plaintiff's claims against them are time barred. Defendant Police Officers maintain that although Plaintiff may have timely filed his original Complaint on January 9, 2004, he failed to name any police officers in his original Complaint, and he did not identify Defendant Police Officers as parties to this case until filing his Amended Complaint on March 31, 2004 well after the applicable two-year statute of limitations expired.

Plaintiff's original timely Complaint did not identify any of the Defendant Police Officers as a Defendant. *See* Doc. #2. Plaintiff first identified Defendant Police Officers as parties to this case when he filed his Amended Complaint on March 31, 2004. *See* Doc. #14. Because Plaintiff did not file his Amended Complaint within two years of his arrest (on January 11, 2002), his claims against Defendant Police Officers are untimely. *See Banks*, 344 F.3d at 553; *see also Browning*, 869 F.2d at 992. The issue therefore is whether the Amended Complaint relates back pursuant to Fed. R. Civ. P. 15.

Plaintiff contends that his Amended Complaint relates back to the date of his original Complaint because it arose out of the same conduct, transaction, or occurrences set forth in the original Complaint, particularly the warrantless search of his residence and his arrest in his residence on January 11, 2002. Plaintiff thus reasons that Fed. R. Civ. P. 15(c) permits him to add Defendant Police Officers even though more than two years passed between January 11, 2002 and the date he first identified the Defendant Police Officers in his Amended Complaint.

Fed. R. Civ. P. 15(c)(3) states that an Amended Complaint relates back to the date of the original Complaint when:

> the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party brought in by amendment (A) has received such notice of the institution of the

3

>action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Plaintiff meets the initial requirement of Rule 15(c)(3) – that "provision 2" of Rule 15(c) is satisfied – because his claims against the Defendant Police Officers "arose of out the conduct, transaction, or occurrence..." described in Plaintiff's Complaint.[2] Plaintiff's original Complaint described numerous acts allegedly committed by police officers before, during, and after his arrest on January 11, 2002 in his residence. *See* Doc. #2. Plaintiff's Amended Complaint seeks to raise constitutional claims against the Defendant Police Officer arising from the same allegations set forth in the original Complaint.

Defendant Police Officers contend that Plaintiff cannot amend his Complaint to add new parties after the statute of limitations has run "because there was no 'mistake or misnomer' within the meaning of Fed. R. Civ. P. 15(c)(3)(B), Plaintiff simply added additional parties that were not named in the original complaint." (Doc. #47 at 4). Defendant Police Officers further contend, "The Plaintiff cannot establish the 'mistake' element as he simply failed to name the new Defendants in the original complaint and instead sued the City of Dayton. The Plaintiff has no basis to suggest that the original complaint against the City of Dayton was sufficient to apprise the newly named defendants that the plaintiff intended to sue them individually." (Doc. #55 at 4). In support of these contentions, Defendant Police Officers mainly rely on two cases: *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) and *Dye v. City of Warren*, 367 F.Supp.2d 1175, 1183 (N.D. Ohio 1996).

---

[2] Provision 2 of Rule 15(c) provides that a claim or defense in an Amended Complaint will relate back to the date of the Complaint when it "arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth in the original pleading...."

4

Neither *Cox* nor *Dye* supports the Defendant Police Officers' contentions due to one feature that distinguishes both cases from the present case: *Cox* and *Dye* involved Complaints that named John Doe police officers, yet the plaintiffs subsequently failed to file a timely Amended Complaint identifying the police officers. In this situation, Rule 15(c)(3)'s relation-back criteria was not met. In *Cox* the United States Court of Appeals for the Sixth Circuit reasoned and held as followed:

> Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B).... The amendment attempted by appellants clearly adds new parties. The naming of 'unknown police officers' in the original complaint does not save the pleading. Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties.... It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued....

75 F.3d at 240 (internal citations omitted). Similarly, the District Court in *Dye* – relying on *Cox* – held, "Any proposed amendment by Mr. Dye, at this late date, to change the John Does 1-5 to identified officers would amount to less than a mistake concerning identity and consequently, could not relate back to his original complaint." *Dye*, 367 F.Supp.2d at 1184 (footnote omitted).

In the present case, Plaintiff did not include any John Doe police officer in his Complaint. *See* Doc. #2. He instead identified the City of Dayton Police Department as a Defendant. *Id*. This, contrary to Defendant Police Officers' contentions, was a "mistake" or "misnomer" within the meaning of Rule 15(c)(3)(B) because – as previously held in this case – the City of Dayton Police Department is not a "person" within the meaning of 42 U.S.C. §1983. *See* Doc. #37 at 6; Doc. #42. Plaintiff, proceeding *pro se*, did not simply fail to timely identify a John Doe defendant police officer, as in *Cox* and *Dye*, he erroneously named a political

5

subdivision, although he intended to also include certain police officers. *See* Doc. #54 at 3. This situation is analogous to the one at issue in *Black-Hosang v. Ohio Dept. of Public Safety,* 96 Fed. Appx. 372 (6th Cir. April 28, 2004), where Judge Boggs explained:

> [The] phrasing of the 'mistake' criterion was introduced in the 1966 amendment to Rule 15. According to the Advisory Committee Note accompanying the 1966 amendment, the language was prompted by several cases in which plaintiffs, unaware of the technical requirements of the law, mistakenly named institutional instead of individual defendants.... The amendment was expressly intended to preserve legitimate suits despite such mistakes of law at the pleading stage. *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35-36 (2nd Cir. 1996). Thus, as a matter of textual interpretation, we hold that Rule 15(c)'s reference to a 'mistake concerning the identity of the proper party' includes Black-Hosang's mistake of naming an immune institutional defendant rather than an individual one....

96 Fed. Appx. at 376. As in *Black-Hosang*, Plaintiff's mistake in the present case in naming the City of Dayton Police Department was the same type of mistake – an error of law – as if he had named an immune defendant; he simply identified an entity not capable of being sued under 42 U.S.C. §1983, rather than identifying the individual police officers who participated in his arrest. This mistake was therefore within the ambit of Rule 15(c)(3)(B), and Defendant Police Officers' contrary contentions lack merit.

In addition, Plaintiff filed his Amended Complaint within four months of filing his Complaint. Because Defendant Police Officers have the same attorney as the City of Dayton, and because Plaintiff's Complaint and Amended Complaint raise very specific allegations about his arrest concerning the arresting police officers, at this – the pleading stage of the case and given the absence of evidence in the record showing the Defendant Police Officers lacked notice of the Amended Complaint – Plaintiff has satisfied Rule 15(c)(3)(A)'s requirement of notice, actual or constructive, to Defendant Police Officers. *See Berndt v. State of Tenn.*, 796 F.2d 879,

884 (6th Cir. 1986) (whether a defendant received actual or constructive notice under Rule 15(c) is a "patently factual inquiry...."). Defendant Police Officers also contend that despite numerous warnings from the Court, Plaintiff failed to serve them with summons until September 2005, more than nineteen months after the statute of limitations expired. Yet, Plaintiff filed his Amended Complaint within four months days of filing his Complaint, thereby satisfying Rule 15(c)(3)(B)'s requirement that notice, actual or constructive, be effected within the time limit of Rule 4(m) (120 days).

        Accordingly, Defendant Police Officer's Motion to Dismiss lacks merit.

**IT IS THEREFORE RECOMMENDED THAT:**

        Defendant Police Officers' Motion to Dismiss (Doc. #47) be DENIED.

July 11, 2006

                                                  s/ Sharon L. Ovington
                                                    Sharon L. Ovington
                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).