# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID JONES, | : | |
| Plaintiff, | : | Case No.  3:04cv00005 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| MONTGOMERY COUNTY<br>DISTRICT ATTORNEY, et al., | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATIONS[1]

The case is before the Court upon the Defendant City of Dayton's Motion to Quash Service on Kurt Smolek and Grant Judgment on the Pleadings to Defendant City of Dayton (Doc. #49), Plaintiff's Memoranda in Opposition (Doc. #s 52, 54), and the City of Dayton's Reply (Doc. #56).

The City of Dayton seeks an Order granting Judgment in its favor on the pleadings in accordance with a previously filed Report and Recommendations, which according to Defendant City of Dayton, "previously dismissed all claims in the Amended Complaint except those against the individual officers."  (Doc. #49 at 3).  In the prior Report (Doc. #37), the Court conducted a *sua sponte* review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §1915 and dismissed numerous Defendants except the individual police officers named in the Amended Complaint. However, the Report did not specifically review Plaintiff's claims against the City of Dayton and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

did not reach any conclusion regarding whether the City of Dayton should be dismissed *sua sponte* from this case under 28 U.S.C. §1915. *See* Doc. #37. As a result, the Report does not establish that the City of Dayton is entitled to Judgment on the Pleadings.

As to Kurt D. Smolek, Plaintiff has not effected service of summons on Smolek. Instead, his attempted service in September 2005 was returned marked "Unexecuted. Subject not employed with Police department, no forwarding address." (Doc. #48). Because there has been no service on Smolek, there is no service to quash.

Yet, absent effective service of summons and the Amended Complaint, Smolek has yet to become a party to this case. Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999)(original italics). Absent either waiver or proper service of process, this Court does not have personal jurisdiction over a named defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)(and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999); *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980).

Although this Court prefers to adjudicate claims on their merits, Plaintiff has failed to effect service of summons and Amended Complaint upon named defendant Kurt D. Smolek as required by Rule 4(m). The record contains no indication that this named defendant has waived service. Under these circumstances, dismissal without prejudice of Plaintiff's claims against the Kurt D. Smolek is warranted under Fed. R. Civ. P. 4(m). *See Friedman*, 929 F.2d at 1156 (and cases cited therein).

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant City of Dayton's Motion to Quash Service on Kurt Smolek (Doc. #49) be GRANTED in part and Plaintiff's claims against Kurt D. Smolek be DISMISSED without prejudice. Defendant City of Dayton's Motion to Quash Service on Kurt Smolek (Doc. #49) be otherwise DENIED.

2. Defendant City of Dayton's Motion for Judgment on the Pleadings (Doc. #49) be DENIED.

July 11, 2006

                                                     s/ Sharon L. Ovington
                                                      Sharon L. Ovington
                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).