# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID JONES, | : | |
| Plaintiff, | : | Case No.  3:04CV005 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MONTGOMERY COUNTY DISTRICT ATTORNEY, et al., | : | |
| | : | |
| Defendants. | | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]

The case is before the Court upon the Defendant City of Dayton's Objections (Doc. #59) to the Report and Recommendations filed on July 11, 2006 (Doc. #58).  The Report recommended that the City of Dayton's Motion for Judgment on the pleadings be denied because the Motion sought dismissal based on an earlier Report, which did not address whether the City of Dayton should be dismissed.  *See* Doc. #58 at 1-2.

The City of Dayton objects, clarifying that it seeks dismissal because Plaintiff has not pointed to any allegation in his Amended Complaint establishing that a municipal policy or custom was the moving force behind the claimed constitutional violation.  This contention is well taken.  The City of Dayton may not be held liable under 42 U.S.C. §1983 solely for injuries caused by its employees or agents.  *Monell v. Dept. of Soc. Servs. of City of New York.*, 436 U.S. 658, 694 (1978); *see Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441-42 (6th Cir. 2000).  To

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

hold the City of Dayton liable under §1983, Plaintiff must allege facts demonstrating that is policy or custom was the moving force behind the constitutional amendment. *See Gregory*, 220 F.3d at 441-42. A review of Plaintiff's Amended Complaint reveals no such allegation and no circumstance giving rise to a reasonable inference that a policy or custom caused the claimed violation of Plaintiff's federal constitutional rights.

Accordingly, the City of Dayton's Objection to the Report and Recommendations is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Report and Recommendations filed on July 11, 2006 (Doc. #58) is modified in part by WITHDRAWAL of recommendation number 2 (that the City of Dayton's Motion for Judgment on the Pleadings be denied).

2. Defendant City of Dayton's Motion for Judgment on the Pleadings (Doc. #49) be GRANTED.

3. The remaining recommendations in the Report (Doc. #58) remain valid, and the case should proceed with Plaintiff's remaining claims against the Defendant Police Officers.

August 1, 2006

   s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).